1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GEOKESHIA DENISE CAMPBELL,

                              Plaintiff,

        v.

WYNDHAM VACATION RESORTS, INC.,
and STEPHEN HOLMES,

                              Defendants.

Case No. 2:15-cv-02127-MMD-CWH

ORDER

## I.     SUMMARY

Before the Court are a Motion to Dismiss filed by Defendants Wyndham Vacation Resorts, Inc. ("Wyndham") and Stephen Holmes (ECF No. 7) ("Motion to Dismiss"), and a Motion to Remand to State Court ("Motion to Remand") by Plaintiff Geokeshia Denise Campbell (ECF Nos. 12, 24).[1] The Court has also reviewed the respective responses and replies to the Motion to Dismiss (ECF Nos. 10, 15) and the Motion to Remand (ECF Nos. 26, 28). For the reasons discussed below, the Motion to Remand is denied and the Motion to Dismiss is granted.

## II.    BACKGROUND

Campbell, proceeding *pro se*, filed a complaint in the District Court of Clark County on September 23, 2015. The body of the complaint alleges a number possible claims, including violations of federal and international law. (*See* ECF No. 1-2 at 4.)

---

[1]Campbell filed a motion entitled "Motion of Consideration for Dismissal of Defendants' Petition" (ECF No. 12), which this Court originally misunderstood and vacated. (*See* ECF No. 13.) The Court later reinstated the motion and allowed Campbell to supplement it to clarify what she was seeking and why. (ECF No. 22.) Campbell took advantage of the Court's offer and supplemented her original motion. (ECF No. 24.)

1    However, the complaint concludes with three enumerated causes of action. The first

2    cause is based on breach of contract, and the second and third are based, seemingly,

3    on a professional negligence claim and Nevada's state anti-racketeering provision,

4    N.R.S. 207.470. (ECF No. 1-2 at 9, 10.)

5        Defendants removed the case on November 6, 2015, based on diversity

6    jurisdiction pursuant to 28 U.S.C. § 1332(a). (ECF No. 1 at 2.) Defendants now seek

7    dismissal, and Campbell seeks remand to state court.

8    **III.    MOTION TO REMAND**

9        "Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction

10   only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2,

11   cl. 1; e.g., *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit

12   filed in state court may be removed to federal court if the federal court would have had

13   original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe

14   the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be

15   rejected if there is any doubt as to the right of removal in the first instance." *Gaus v.*

16   *Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking

17   removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed*

18   *Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

19       To establish subject matter jurisdiction pursuant to diversity of citizenship under §

20   1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship

21   among opposing parties and (2) an amount in controversy exceeding $75,000. 28

22   U.S.C. § 1332(a).

23       Campbell seeks $3 million in damages. (ECF No. 1-2 at 11.) Though she does

24   not specifically allege her place of residence in the complaint, Campbell lists a California

25   address under her name at the beginning of the document. (*Id.* at 3.) Defendants, who

26   bear the burden of showing that removal is proper, have provided evidence showing

27   that Wyndham is a foreign corporation incorporated under the laws of Delaware and

28   with its principal places of business in Florida, and that Stephan Holmes is a resident of

1   New Jersey. (ECF No. 26-1 at 2-3.) Campbell does not dispute the evidence offered by
2   Defendants, but rather argues that state court is the appropriate forum because the
3   conduct at issue in this suit took place in Las Vegas. (ECF No. 28 at 5-6.)

4       Campbell is correct that the District Court of Clark Country, where she originally
5   filed her complaint, is likely one proper forum to litigate her suit. However federal law
6   gives defendants the option to move their suit into federal court if certain conditions are
7   met. In this case, it is clear that both elements of § 1332(a) are met, and Defendants
8   properly removed this lawsuit to this Court. Therefore, Campbell's Motion to Remand
9   (ECF Nos. 12, 24) is denied.

10  **IV.     MOTION TO DISMISS**

11      Defendants' Motion to Dismiss is based on two grounds. First, Defendants argue
12  that they have not been properly served. Second, they argue that Campbell has failed to
13  state a claim. The Court agrees with Defendants on both grounds.

14      **A.     Legal Standard**

15      A court may dismiss a plaintiff's complaint for "failure to state a claim upon which
16  relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide
17  "a short and plain statement of the claim showing that the pleader is entitled to relief."
18  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While
19  Rule 8 does not require detailed factual allegations, it demands more than "labels and
20  conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v.*
21  *Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
22  "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550
23  U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient
24  factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at
25  678 (internal citation omitted).

26      In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to
27  apply when considering motions to dismiss. First, a district court must accept as true all
28  well-pled factual allegations in the complaint; however, legal conclusions are not entitled

to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but not shown — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

Mindful of Campbell's pro se status, the Court will liberally construe her filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). But Campbell must nevertheless comply with procedural rules. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam).

## B. Analysis

### 1. Service of Process

The Nevada Rules of Civil Procedure govern the evaluation of a complaint filed in state court. *Lee v. City of Beaumont*, 12 F.3d 933, 936-37 (9th Cir.1993) (noting that "[t]he issue of the sufficiency of service of process prior to removal is strictly a state law issue"), *overruled on other grounds by Cal. Dep't Water Res. v. Powerex Corp.*, 53 F.3d 1087, 1091 (9th Cir.2008). The relevant rule here is Nev. R. Civ. P. 4, which requires the summons and complaint be served together and also requires service on an out-of-state corporation comply with the provisions in Nev. R. Civ. P 4(d)(1) and 4(d)(2).

Defendants have attached a declaration from Julie Kisha, assistant Secretary for Wyndham Vacation Resorts. (ECF No. 7-1.) The declaration states that Campbell mailed a packet containing a cover letter and complaint addressed to "Wyndham & Stephan [sic] Holmes" to 3475 Las Vegas Blvd., Las Vegas, Nevada 89109. (*Id.* ¶ 2.)

4

The packet did not contain summons. (*Id.* ¶ 4.) The Las Vegas address is the address of Harrah's Hotel and Casino, which is neither the home address of Stephen Holmes nor the address for Wyndham's registered agent in Nevada. (*Id.* ¶3.) The declaration also states that the Acceptance of Service of Summons and Complaint forms that Campbell attached to her complaint were in fact completed by Campbell herself (or by an associate of Campbell's), rather than by an agent of Wyndham or Stephen Holmes. (*Id.* ¶ 5.) Campbell does not dispute any of these facts in her response.

The Court finds that Campbell has not provided sufficient service of process. Therefore Defendants' Motion to Dismiss is granted on this ground. However, because Campbell may attempt to perfect service, the Court will also address Defendants' second argument.

## 2.      Failure to State a Claim

The complaint describes a real estate transaction that has fallen through. It appears from the face of the complaint that Campbell agreed to purchase a time share interest in property that was being developed in Oceanside, California by Wyndham. For reasons that are not clear from either the complaint or her briefing, Campbell believes that the Defendants are in breach of this purchase agreement.

To state a claim for breach of contract, a plaintiff must allege 1) the existence of a valid contract, 2) performance by the plaintiff, 3) breach by the defendant, and 4) damage as a result of the breach. *See, e.g., Branch Banking & Trust Co. v. Eloy Bus. Park, LLC*, 112 F. Supp. 3d 1129, 1134 (D. Nev. 2015). Campbell clearly alleges the existence of a contract, but the remaining three elements are not clearly laid out in the complaint. It is not clear from the face of the complaint what actions she alleges constitute a breach and how those actions have resulted in damages. Therefore, the first cause of action, as currently written, fails to set out a short and plain statement of conduct that would constitute a breach of contract.

The second and third causes of action reference professional negligence, but cite Nevada's civil RICO statute, N.R.S. 207.470. It is unclear how Campbell believes these

5

two distinct legal theories are related, but in any event the complaint does not allege the required elements for either. A claim for professional negligence must allege: 1) the duty to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; 2) breach of that duty; 3) a proximate causal connection between the negligent conduct and the resulting injury; and 4) actual loss or damage resulting from the professional's negligence. *Morgano v. Smith*, 879 P.2d 735, 738 n. 2 (Nev. 1994). A civil RICO pleading must be pled with the same specificity as a criminal indictment and must identify the "who, where, and how" of the underlying criminal conduct on which it is based. *Cummings v. Charter Hosp. of Las Vegas, Inc.*, 896 P.2d 1137, 1141 (Nev. 1995).

The Court agrees that Campbell's complaint, as currently written, fails to state a claim. The Court therefore grants Defendants' Motion to Dismiss on this second ground as well. If Campbell chooses to serve Defendants in accordance with Nev. R. Civ. P. 4, she must also revise her complaint to allege short plain statements of fact supporting each element of a given claim.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion because they do not affect the outcome of their Motions.

It is therefore ordered that Plaintiff's Motion to Remand (ECF Nos. 12, 24) is denied.

It is further ordered that Defendants' Motion to Dismiss (ECF No. 7) is granted.

Plaintiff's complaint is dismissed without prejudice. Plaintiff shall have thirty (30) days from the entry of this order to file an amended complaint and properly serve

///

///

///

6

Defendants in accordance with Nev. R. Civ. P. 4. Failure to do so will result in dismissal of the claims with prejudice.

DATED THIS 8th day of September 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

7