# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEOKESHIA DENISE CAMPBELL,<br><br>                    Plaintiff,<br>        v.<br><br>WYNDHAM VACATION RESORTS, INC., and STEPHEN HOLMES,<br><br>                    Defendants. | Case No. 2:15-cv-02127-MMD-CWH<br><br>ORDER |

Before the Court is a Motion to Dismiss filed by Defendants Wyndham Vacation Resorts, Inc. ("Wyndham") and Stephen Holmes. (ECF No. 40.) Plaintiff Geokeshia Denise Campbell ("Campbell") responded to the Motion (ECF No. 43) and Defendants replied (ECF No. 44.) For the reasons discussed below, the Motion is granted and the case is dismissed with prejudice.

Campbell, proceeding *pro se*, filed a complaint in the Eighth Judicial District Court in Clark County on September 23, 2015. Defendants removed on November 6, 2015, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (ECF No. 1 at 2.) The Court dismissed Campbell's Complaint without prejudice and with leave to amend, based on both a failure to state a claim and a failure to serve Defendants properly. (ECF No. 36.) The Court gave Campbell thirty (30) days to file an amended complaint and comply with service requirements of Nev. R. Civ. P. 4. (*Id.*) The Court cautioned that failure to serve Defendants properly would result in dismissal of Campbell's claims with prejudice. (*Id.*)

| | |
|---|---|
| 1 | Campbell filed an Amended Complaint on October 10, 2016. (ECF No. 38.) The |
| 2 | Amended Complaint contains only minor alterations. As with her original Complaint, |
| 3 | Campbell filed an acknowledgement of service signed by a person named Kathleen |
| 4 | Estes. (ECF No. 39.) Defendants have provided a declaration from Julie Kisha, assistant |
| 5 | secretary for Wyndham, asserting that Kathleen Estes is not an agent, employee or officer |
| 6 | of Wyndham or Stephen Holmes. (ECF No. 7-1 ¶ 6.) Defendants believe Ms. Estes to be |
| 7 | a relative of Campbell's. (ECF No. 40 at 4.) |
| 8 | Though Campbell is proceeding *pro se*, and is therefore afforded a degree of |
| 9 | leniency, she must nevertheless comply with procedural rules. *Ghazali v. Moran*, 46 F.3d |
| 10 | 52, 54 (9th Cir. 1995) (per curiam). The Nevada Rules of Civil Procedure govern the |
| 11 | evaluation of a complaint filed in state court. *Lee v. City of Beaumont*, 12 F.3d 933, 936- |
| 12 | 37 (9th Cir.1993) (noting that "[t]he issue of the sufficiency of service of process prior to |
| 13 | removal is strictly a state law issue"), *overruled on other grounds by Cal. Dep't Water* |
| 14 | *Res. v. Powerex Corp.*, 53 F.3d 1087, 1091 (9th Cir.2008). The relevant rule here is Nev. |
| 15 | R. Civ. P. 4, which requires the summons and complaint be served together and also |
| 16 | requires service on an out-of-state corporation comply with the provisions in Nev. R. Civ. |
| 17 | P 4(d)(1) and 4(d)(2). |
| 18 | More than a year and a half after filing her original Complaint, and more than eight |
| 19 | months after the Court warned that failure to serve Defendants would result in dismissal |
| 20 | with prejudice, Campbell has still failed to comply with Nev. R. Civ. P. 4. Campbell has |
| 21 | not provided any explanation excusing her failure to comply with the Nevada's procedural |
| 22 | rules. |
| 23 | District courts have the inherent power to control their dockets and "[i]n the |
| 24 | exercise of that power, they may impose sanctions including, where appropriate . . . |
| 25 | dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 |
| 26 | (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure |
| 27 | to prosecute an action, failure to obey a court order, or failure to comply with local rules. |
| 28 | *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance |

with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first and second factors weigh in favor of dismissal. The third factor also weighs in favor of dismissal. Defendants have been forced to respond to inappropriate filings and misleading documents from Campbell. (*See* ECF Nos. 26, 35, 45, 46, 48.) Finally, the Court gave Campbell ample time to correct the problems with service and the deficiencies in her Complaint, which renders any countervailing weight in the last two factors less compelling in this instance.

For these reasons, Defendants' Motion to Dismiss (ECF No. 40) is granted. The claims in this case are dismissed with prejudice.

The Clerk is directed to enter judgment accordingly and close this case.

DATED THIS 18th day of May 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3